1

2

3

4

5

6

LOCKE LORD LLP
Regina J. McClendon (State Bar No. 184669)
rmcclendon@lockelord.com
44 Montgomery Street, Suite 4100
San Francisco, CA  94104
Telephone:  415-318-8810
Fax:  415-676-5816

Attorneys for Defendant
WELLS FARGO BANK, N.A.

7

8

9

10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

17

18

| | |
|---|---|
| TERRY L. HOPKINS | ) CASE NO. 2:13-cv-00444-WBS-CKD |
| Plaintiff. | ) **WELLS FARGO'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| vs. | |
| WELLS FARGO BANK, N.A.; DOES 1-10, | |
| Defendant. | ) Date:   February 24, 2014 |
| | ) Time:   2:00 p.m. |
| | ) Place:  Courtroom 5, 14th Floor |
| | ) Complaint Filed: January 29, 2013 |

19

20 **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

21    **PLEASE TAKE NOTICE** that on February 24, 2014, at  2:00 p.m., or as soon thereafter as

22 the matter may be heard in the above-entitled Court, Defendant Wells Fargo Bank, N.A. ("Wells

23 Fargo") will bring for hearing, in Courtroom 5 of the Robert T. Matsui United States Courthouse

24 located at 501 I Street, Sacramento, CA 95814, its Motion for Judgment on the Pleadings of Plaintiff

25 Terry L. Hopkins ("Plaintiff").

26    Wells Fargo moves for judgment on the pleadings pursuant to Federal Rule of Civil

27 Procedure 12(c) as to each of Plaintiff's remaining causes of action on the grounds that Plaintiff is

28 judicially estopped from asserting them.

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1    This Motion is based on this Notice of Motion and Motion, the below Memorandum of

2  Points and Authorities, Defendant's Request for Judicial Notice, the pleadings, papers and records

3  on file in this action, and such oral argument as may be presented at the time of the hearing.

4

5  Dated:  January 23, 2014                              Respectfully submitted,

6                                                        LOCKE LORD LLP

7

8                                                        By:  _/s/ Regina J. McClendon_____

9                                                              Regina J. McClendon
                                                             Attorney for Defendant
10                                                            WELLS FARGO BANK, N.A.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR JUDGMENT ON THE PLEADINGS
*Hopkins v. Wells Fargo Bank, N.A.*, Case No. 2:13-cv-00444-WBS-CKD

**Locke Lord LLP**
**44 Montgomery Street, Suite 4100**
**San Francisco, CA  94104**

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...............................................................................................1

II.     PERTINENT FACTS AND ALLEGATIONS .....................................................2

    A. The Loan and Subsequent Fire ...................................................................2

    B. The Nonjudicial Foreclosure .....................................................................3

    C. Plaintiff's Bankruptcy................................................................................3

    D. Procedural History ......................................................................................4

III.    ARGUMENT.....................................................................................................4

    A. Applicable Pleading Standard ....................................................................4

    B. Plaintiff is Judicially Estopped from Asserting Her Three Remaining
       Claims

IV.     CONCLUSION ..................................................................................................7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Locke Lord LLP**
**44 Montgomery Street, Suite 4100**
**San Francisco, CA  94104**

MOTION FOR JUDGMENT ON THE PLEADINGS
*Hopkins v. Wells Fargo Bank, N.A.*, Case No. 2:13-cv-00444-WBS-CKD

**Locke Lord LLP**
**44 Montgomery Street, Suite 4100**
**San Francisco, CA 94104**

**TABLE OF AUTHORITIES**

**Page(s)**

CASES

*Alperin v. Vatican Bank*,
    410 F.3d 532 (9th Cir. 2005) ...................................................................................................2

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)...............................................................................................................4

*Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
    637 F.3d 1047 (9th Cir. 2011) ...............................................................................................5

*In re Coastal Plains, Inc.*,
    179 F.3d 197 (5th Cir. 1999) .................................................................................................5

*Conrad v. Bank of Am.*,
    45 Cal. App. 4th 133 (1996) ..................................................................................................5

*Cusano v. Klein*,
    264 F.3d 936 (9th Cir. 2001) .................................................................................................5

*Hamilton v. State Farm Fire & Cas. Co.*,
    270 F.3d 778 (9th Cir. 2001) .................................................................................................5

*Hawkins v. First Horizon Home Loans*,
    No. 10-1876, 2010 WL 4823808 (E.D. Cal. Nov. 22, 2010).................................................4

*Hay v. First Interstate Bank of Kalispell, N.A.*,
    978 F.2d 555 (9th Cir. 1992) .................................................................................................5

*Holland & Knight, LLP v. Deatley*,
    357 Fed.Appx. 83 (9th Cir. 2009)..........................................................................................6

*In re Kottmeier*,
    240 B.R. 440 (Bankr. M.D. Fla. 2002) ..................................................................................5

*Michelson v. Camp*,
    72 Cal. App. 4th 955 (1999) ..................................................................................................5

*Mir v. Little Co. of Mary Hosp.*,
    844 F.2d 646 (9th Cir. 1988) .................................................................................................2

*Oestreicher v. Alienware Corp.*,
    322 Fed. Appx. 489 (9th Cir. 2009).......................................................................................4

*Sears, Roebuck & Co. v. Metro. Engravers, Ltd.*,
    245 F.2d 67 (9th Cir. 1957) ...................................................................................................5

ii

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ................................................................................................4

*In re Stroh,*
    34 Fed.Appx. 562 (9th Cir. 2002)..........................................................................................6

*Vertkin v. Wells Fargo Home Mortgage*,
    2010 WL 3619798 (N.D. Cal. 2010) ...............................................................................5, 6, 7


**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(c) ..................................................................................1, 4, 5

Rule 12(b)(6)..........................................................................................................................5

**Locke Lord LLP**
**44 Montgomery Street, Suite 4100**
**San Francisco, CA  94104**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

Wells Fargo moves for Judgment on the Pleadings pursuant to Federal Rule of Civil

3

Procedure 12(c).  Plaintiff had full knowledge of her potential claims against Wells Fargo during the

4

entire pendency of her bankruptcy, failed to disclose the claims to the bankruptcy court, and received

5

a discharge.  Plaintiff is, therefore, judicially estopped from asserting her undisclosed claims in this

6

action.

7

**I.      INTRODUCTION**

8

On September 7, 2007, Plaintiff obtained a $714,000 mortgage loan, secured by property

9

located at 1949 Rockville Road, Fairfield, California (the "Property").  After a fire destroyed the

10

structure on the Property, Plaintiff received the proceeds from the hazard insurance policy required

11

under the deed of trust.   She endorsed the funds to Wells Fargo, which had the option, in its sole and

12

absolute discretion, to either apply the proceeds to the unpaid balance of Plaintiff's loan or distribute

13

the funds to Plaintiff to repair or replace the structure to Wells Fargo's satisfaction.

14

At some point before June 29, 2009, Plaintiff defaulted on her payment obligations to Wells

15

Fargo.  While in default, on October 15, 2009, Plaintiff alleges she notified Wells Fargo that she

16

could replace the damaged structure with another structure if Wells Fargo would disburse the

17

insurance proceeds to her.  But Wells Fargo refused to distribute the insurance proceeds to her, and

18

in so refusing, Plaintiff asserts, breached the parties' deed of trust.

19

On November 8, 2009, Plaintiff declared bankruptcy.  Plaintiff did not disclose any claim

20

against Wells Fargo in her initial bankruptcy schedules.  In fact, even after Wells Fargo foreclosed

21

its deed of trust on July 12, 2010 during the pendency of Plaintiff's bankruptcy, Plaintiff did not

22

amend her schedules to disclose her purported claims.  Plaintiff received a discharge of her debts on

23

December 2, 2010 without ever disclosing her purported claims against Wells Fargo.

24

Plaintiff filed this action against Wells Fargo on January 20, 2013.  Wells Fargo filed a

25

motion to dismiss, which this Court granted in part and denied in part.  The only remaining claims in

26

this case are Plaintiff's claims for breach of contract, an implied claim for breach of the implied

27

28

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1

**Locke Lord LLP**
**44 Montgomery Street, Suite 4100**
**San Francisco, CA 94104**

1  covenant of good faith and fair dealing,[1] and a claim for declaratory relief, all arising out of Wells

2  Fargo's alleged October 15, 2009 refusal to distribute insurance proceeds.  These claims accrued

3  before Plaintiff declared bankruptcy, Plaintiff failed to disclose them to the bankruptcy court, and

4  based on this incomplete disclosure, Plaintiff received a discharge.  Plaintiff's failure to disclose her

5  purported claims against Wells Fargo means she is judicially estopped from bringing them now.  For

6  this reason, Wells Fargo respectfully requests the Court grant its motion for judgment on the

7  pleadings without leave to amend.

8  **II.      PERTINENT FACTS AND ALLEGATIONS**

9          On a motion for judgment on the pleadings, the Court accepts as true the facts properly

10  pleaded in the complaint, but not conclusions of law.  *Alperin v. Vatican Bank*, 410 F.3d 532, 541

11  (9th Cir. 2005).  Also, "it is proper for the district court to 'take judicial notice of matters of public

12  record outside the pleadings' and consider them for purposes of the motion [for judgment on the

13  pleadings]."  *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).  In keeping

14  with these tenets, and without conceding for any other purpose the truth of Plaintiff's allegations,

15  Wells Fargo sets forth the facts pertinent to this motion.

16          **A.      The Loan and Subsequent Fire**

17          On September 7, 2007, Plaintiff obtained a $714,000 mortgage loan, secured by the Property,

18  that was memorialized by a Note and a Deed of Trust.  (*See* Compl. ¶¶ 1, 3, Request for Judicial

19  Notice ("RJN"), Ex. 1).  At some point prior to the closing, the Subject Property was destroyed by

20  fire. (Compl. ¶ 7).  Thereafter, Plaintiff received insurance proceeds of $268,000, which she

21  endorsed to Wells Fargo.  (*Id.* ¶ 8).  Wells Fargo deposited the funds into an escrow account.  (*Id.* ¶

22  9).

23          After Plaintiff received the fire insurance proceeds and endorsed the check to Wells Fargo,

24  Wells Fargo released one-third of the insurance proceeds to remove and begin to the replace

25  Plaintiff's damaged property.  (*Id.* ¶ 12).  Plaintiff alleges that on October 15, 2009, she notified

26

27  [1] Although the Complaint does not include a claim for breach of the implied covenant of good faith and fair
dealing, this Court stated in its May 22, 2013 Order that Plaintiff apparently intended to bring such a claim.
28  ECF 16 at 16:7-23.

2

Wells Fargo that she was able to replace the damaged property "with another modular home of the same or better quality than the one destroyed by the fire," but that Wells Fargo "refused to permit the escrowed insurance proceeds to be used for such purpose." (*Id.* ¶ 14).   Wells Fargo's refusal, Plaintiff alleges, was a "breach of Paragraph 5 of the parties' deed of trust." (*Id.*)

**B.      The Nonjudicial Foreclosure**

At some time prior to June 29, 2009, Plaintiff defaulted on her payment obligations.  On August 30, 2009, a Notice of Default and Election to Sell was recorded indicating that Plaintiff was in default in the amount of $39,970.06 as of June 29, 2009.  (RJN Ex. 2).  On October 23, 2009, Wells Fargo recorded a Substitution of Trustee, substituting Regional Service Corporation as successor trustee under the Deed of Trust.  (RJN Ex. 3).  That same day, a Notice of Trustee's Sale was recorded indicating that the total unpaid balance of the loan and reasonable estimated costs, expenses, and advances was $789,499.31.  (RJN Ex. 4). On June 18, 2010, Wells Fargo purchased the Property at public auction, and a Trustee's Deed Upon Sale was recorded on July 12, 2010. (RJN Ex. 5).

**C.      Plaintiff's Bankruptcy**

On November 8, 2009, Plaintiff filed a voluntary petition for bankruptcy under Chapter 7 of the United States Code.  (RJN Ex. 6).  On April 7, 2010, nearly six months after Wells Fargo's alleged breach of contract and breach of the implied covenant, Plaintiff filed her bankruptcy schedules in which she purported to list all of her personal property and assets.  (RJN Ex. 7). Plaintiff did not list any claim against Wells Fargo.  (*Id.*)  Then on June 9, 2010, nearly eight months after the alleged breach, Plaintiff amended her bankruptcy schedules, and again, did not list any claim against Wells Fargo.  (RJN Ex. 8).  On December 2, 2010, with Plaintiff having never disclosed any potential claim against Wells Fargo, the Bankruptcy Court for the Northern District of California granted Plaintiff a discharge.  (RJN Ex. 9, 10).

**Locke Lord LLP**
**44 Montgomery Street, Suite 4100**
**San Francisco, CA  94104**

3

#### D.     Procedural History

On January 29, 2013, Plaintiff filed this action in the Superior Court of California, County of Solano, attempting to bring four causes of action against Wells Fargo for (1) Breach of Contract (2) Wrongful Foreclosure (3) Conversion, (4) and Wrongful Eviction, as well as a request for declaratory relief.  On March 5, 2013, Wells Fargo removed the case to this Court.  (Docket, 1).

Wells Fargo filed a motion to dismiss, which this Court granted in part and denied in part. This Court granted Wells Fargo's motion and dismissed Plaintiff's claims for wrongful foreclosure, wrongful eviction, and conversion.  This Court denied the motion as to Plaintiff's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief.  The claims remaining are all based Wells Fargo's alleged refusal on October 15, 2009 to distribute the insurance proceeds to Plaintiff so she could replace the fire damaged property with a modular home. (Compl. ¶¶ 14, 15).

### III.    ARGUMENT

#### A.     Applicable Pleading Standard

A Rule 12(c) motion "may be based on either 'the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'"  *Oestreicher v. Alienware Corp.*, 322 Fed. Appx. 489, 493 (9th Cir. 2009) (citation omitted).  A plaintiff must allege facts that are sufficient to "raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A court is not required to accept as true a legal conclusion couched as a factual allegation. *Iqbal*, 129 S. Ct. at 1949.  Further, "the court need not accept allegations as true if they are contradicted by documents before the court."  *Hawkins v. First Horizon Home Loans*, No. 10-1876, 2010 WL 4823808, *9 (E.D. Cal. Nov. 22, 2010); *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (holding that a court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit");

**Locke Lord LLP**
**44 Montgomery Street, Suite 4100**
**San Francisco, CA  94104**

4

**Locke Lord LLP**
**44 Montgomery Street, Suite 4100**
**San Francisco, CA 94104**

1

2

*Sears, Roebuck & Co. v. Metro. Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1957) ("[J]udicial notice may be taken of a fact to show that a complaint does not state a cause of action.").[2]

3

### B.  Plaintiff is Judicially Estopped from Asserting Her Three Remaining Claims

4

5

6

7

8

9

10

When a debtor files for bankruptcy protection, an estate is created, which is comprised of all the debtor's property interests at the time of filing. *Cusano v. Klein*, 264 F.3d 936, 945 (9th Cir. 2001); *In re Kottmeier*, 240 B.R. 440, 442 (Bankr. M.D. Fla. 2002).  A bankruptcy estate "includes post-petition property interests."  *Kottmeier*, 240 B.R. at 442.  Post-petition interests include civil claims which accrued while the bankruptcy is pending.  *Id.*; *Cusano*, 264 F.3d at 945 (assets of a bankruptcy estate include the debtor's causes of action).

11

12

13

14

15

16

A Plaintiff is "estopped from making claims which [she] omitted from [her] bankruptcy schedule." *Vertkin v. Wells Fargo Home Mortgage*, 2010 WL 3619798, *3 (N.D. Cal. 2010). "Judicial estoppel is an equitable doctrine which 'precludes a party from gaining an advantage by taking one position, and then later seeking an advantage by taking a clearly inconsistent position.'" *Id.* (quoting *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001)).

17

18

19

20

21

22

The Ninth Circuit has held that "[i]n the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements."[3] *Hamilton*, 270 F.3d at 783.  "The rationale for…[these decisions] is that *the integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets*."  *In re Coastal Plains, Inc*., 179 F.3d 197, 208 (5th Cir. 1999) (emphasis in original).  "Judicial estoppel is imposed when the debtor 'has knowledge of

23

24

25

[2] "Rule 12(c) is functionally identical to Rule 12(b)(6) and . . . the same standard of review applies to motions brought under either rule." *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011) (internal quotations omitted).

26

27

28

[3] *See also Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992) (failure to give notice of potential cause of action in bankruptcy schedules and disclosure statements estops debtor from prosecuting that cause of action); *Michelson v. Camp*, 72 Cal. App. 4th 955, 970-71 (1999); *Conrad v. Bank of Am*., 45 Cal. App. 4th 133, 151-53 (1996) (lender liability claim barred by debtor's failure to disclose claim in bankruptcy proceeding).

5

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset.'" *Vertkin*, 2010 WL 3619798, at *3 (quoting *Hamilton*, 270 F.3d at 784).

The discharge of a debt by the bankruptcy court, even if that discharge is later vacated, is sufficient "judicial acceptance" of the debtor's assertions to provide a basis for judicial estoppel. *Id; In re Stroh,* 34 Fed.Appx. 562, 564 (9th Cir. 2002). "Failure to list an asset or interest on the bankruptcy schedules causes the debtor to be judicially estopped from pursuing a claim to recover that interest after discharge." *Holland & Knight, LLP v. Deatley,* 357 Fed.Appx. 83, 84 (9th Cir. 2009).

Plaintiff is judicially estopped from pursuing her remaining claims against Wells Fargo. Plaintiff alleges that on October 15, 2009, Wells Fargo refused to disburse the insurance proceeds to her so she could "replace [her] damaged home with another module home of the same or better quality than the one destroyed by the fire." (Compl. ¶ 14.) Wells Fargo's refusal, Plaintiff alleges, "breach[ed] . . . Paragraph 5 of the parties' deed of trust." (*Id.*) Yet nearly six months after the alleged breach, and despite having "knowledge of enough facts to know that" she had "potential" claims, Plaintiff filed her initial bankruptcy schedules and did not disclose a single claim against Wells Fargo.[4] (RJN Ex. 7). A few months after filing her initial schedules, Plaintiff went back, reviewed her schedules, and amended them. Again, Plaintiff did not disclose that she had potential claims against Wells Fargo. (RJN Ex. 8). Plaintiff's failure to disclose her potential claims against Wells Fargo during the pendency of her bankruptcy case means she is judicially estopped from

---

[4] Even if Plaintiff were to argue that she did not have knowledge of enough facts on October 15, 2009 to know that she had potential claims against Wells Fargo, surely she knew on July 12, 2010 when Wells Fargo foreclosed that Wells Fargo was not going to be distributing any additional insurance proceeds. (*See* RJN Ex. 5). The July 12, 2010 foreclosure sale was during the pendency of Plaintiff's bankruptcy case, and nearly six months before Plaintiff received a discharge order from the bankruptcy court. Plaintiff had a duty to amend her schedules to disclose the potential claims against Wells Fargo. She did not do so. Plaintiff is, therefore, judicially estopped from pursuing the claim in this case. *See Vertkin*, 2010 WL 3619798, at *3.

**Locke Lord LLP**
**44 Montgomery Street, Suite 4100**
**San Francisco, CA 94104**

asserting them in this case.  *See Vertkin*, 2010 WL 3619798, at \*3 (stating that a debtor has an

obligation to amend her schedules or disclosure statements to identify a cause of action as a

contingent asset).  The Court should grant Wells Fargo's motion for judgment on the pleadings, and

dismiss Plaintiff's three remaining claims, breach of contract, breach of the implied covenant of

good faith and fair dealing, and declaratory relief, as a matter of law.

## IV.    CONCLUSION

For the foregoing reasons, Wells Fargo respectfully requests that this Court grant its motion

for judgment on the pleadings and enter judgment in its favor on each of Plaintiff's remaining

claims.

Dated:  January 23, 2014                        Respectfully submitted,

                                                LOCKE LORD LLP


                                                By: */s/ Regina J. McClendon*
                                                Regina J. McClendon
                                                Attorney for Defendant
                                                WELLS FARGO BANK, N.A.

MOTION FOR JUDGMENT ON THE PLEADINGS
*Hopkins v. Wells Fargo Bank, N.A.*, Case No. 2:13-cv-00444-WBS-CKD