UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| TERRY L. HOPKINS,<br><br>        Plaintiff,<br><br>   v.<br><br>WELLS FARGO BANK, N.A., and DOES 1-10,<br><br>        Defendant. | CIV. NO. 2:13-444 WBS CKD<br><br>MEMORANDUM AND ORDER RE: MOTION FOR JUDGMENT ON THE PLEADINGS |

----oo0oo----

Plaintiff Terry L. Hopkins brought this action against defendant Wells Fargo Bank, N.A, arising out of defendant's failure to disburse insurance proceeds that plaintiff alleges she is entitled to. Before she initiated this action, plaintiff filed for and received a discharge in bankruptcy. Defendant now moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on the basis that plaintiff's failure to list her remaining claims[1] as assets in her bankruptcy petition

---

[1] In a previous Order, the court dismissed all but two of

1

1   estops her from asserting those claims here.  (Docket No. 22.)
2          "After the pleadings are closed -- but early enough not
3   to delay trial -- a party may move for judgment on the
4   pleadings."  Fed. R. Civ. P. 12(c).  On a motion for judgment on
5   the pleadings, the court takes all factual allegations of the
6   non-moving party as true and construes them in the light most
7   favorable to that party.  <u>Fleming v. Pickard</u>, 581 F.3d 922, 925
8   (9th Cir. 2009) (citing <u>Turner v. Cook</u>, 362 F.3d 1219, 1225 (9th
9   Cir. 2004)).  However, the court need not accept as true
10  "allegations that contradict matters properly subject to judicial
11  notice." [2]  <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988
12  (9th Cir. 2001).  "Judgment on the pleadings is properly granted
13  when there is no issue of material fact in dispute, and the
14  moving party is entitled to judgment as a matter of law."
15  <u>Fleming</u>, 581 F.3d at 925.
16          Judicial estoppel is an equitable doctrine "that
17  precludes a party from gaining an advantage by asserting one
18  position, and then later seeking an advantage by taking a clearly

---

plaintiff's claims: a claim for breach of contract, and a claim for breach of the implied covenant of good faith and fair dealing.  (Docket No. 16.)  That Order describes the factual and procedural history of this case, and the court need not repeat it here.

[2]  "When considering a motion for judgment on the pleadings, this court may consider facts that 'are contained in materials of which the court may take judicial notice.'"  <u>Heliotrope Gen., Inc. v. Ford Motor Co.</u>, 189 F.3d 971, 981 n.13 (9th Cir. 1999) (quoting <u>Barron v. Reich</u>, 13 F.3d 1370, 1377 (9th Cir. 1994)).  The court will take judicial notice of plaintiff's bankruptcy filings, (Def.'s Req. for Judicial Notice ("RJN") Exs. 6-10 (Docket No. 23)), as these are matters of public record whose accuracy cannot be questioned.  <u>See</u> Fed. R. Evid. 201; <u>Rosal v. First Fed. Bank of Cal.</u>, 671 F. Supp. 2d 1111, 1121 (N.D. Cal. 2009) (taking judicial notice of bankruptcy filings).

inconsistent position." Hamilton v. State Farm Fire & Cas. Ins. Co., 270 F.3d 778, 782 (9th Cir. 2001). The Supreme Court has outlined three factors that "typically inform" the application of this doctrine: (1) whether a party's later position is "clearly inconsistent" with its earlier position; (2) whether a party has "succeeded in persuading a court to adopt that party's earlier position"; and (3) whether a party "would derive an unfair advantage" if not estopped. New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001).

Applying these factors, the Ninth Circuit has held that judicial estoppel ordinarily bars a plaintiff from asserting a claim that she knew of and failed to list as an asset in her bankruptcy petition. Ah Quin v. Cnty. of Kauai Dept. of Transp., 733 F.3d 267, 271 (9th Cir. 2013) (citations omitted); Hamilton, 270 F.3d at 785. Here, plaintiff filed her bankruptcy schedules on April 7, 2010. (See Def.'s RJN Ex. 7.) Those schedules included a space for plaintiff to list "contingent and unliquidated claims of every nature." (See id.) Plaintiff did not disclose any claims against defendant in those schedules. (See id.) And while plaintiff amended those schedules on June 9, 2010, she did not avail herself of the opportunity to correct this omission by disclosing her claims against defendant. (See Def.'s RJN Ex. 8.) Only after receiving a discharge on December 2, 2010 did plaintiff file this action.

Plaintiff does not dispute that she failed to disclose any claims against defendant. Instead, she argues that she "was under no duty" to disclose her remaining claims because they had not yet accrued. (Pl.'s Opp'n at 4:13-14 (Docket No. 26).)

3

Plaintiff's remaining claims collectively allege that defendant's failure to disburse insurance proceeds to her on October 15, 2009, constituted a breach of contract and a breach of the covenant of good faith and fair dealing. (See Compl. ¶ 14.) California law provides that both of these claims accrue at the time of the breach -- which, in this case, occurred before plaintiff filed her bankruptcy petition.[3] See Reichert v. Gen. Ins. Co. of Am., 68 Cal. 2d 822, 831 (1968) ("Generally, a cause of action for breach of contract accrues at the time of the breach." (citations omitted)); Frazier v. Metropolitan Life. Ins. Co., 169 Cal. App. 3d 90, 103 (2d Dist. 1985) (holding that a claim for breach of the implied covenant of good faith and fair dealing accrued when plaintiff's insurer wrongfully denied her claim).

Plaintiff relies on California's "discovery rule", which "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action," in order to argue that her claims had not yet accrued because she was not yet aware of them. Norgart v. Upjohn Co., 21 Cal. 4th 383, 397 (1999). But both federal and state courts have

---

[3] In a letter sent on December 3, 2010, a day after plaintiff received a discharge in bankruptcy, defendant informed plaintiff that it would apply the un-spent insurance proceeds towards the unpaid principal balance of her mortgage loan after it foreclosed on her property. (Decl. of Terry L. Hopkins, Ex. A (Docket No. 26).) Despite plaintiff's insistence to the contrary, this letter does not establish that her claims accrued only after she filed for bankruptcy. As the Complaint makes clear, those claims accrued on October 15, 2009, the date on which defendant allegedly refused to disburse those proceeds to plaintiff and on which plaintiff was aware of defendant's allegedly wrongful conduct. (See Compl. ¶ 14.)

1  clarified that this principle does not apply merely because a
2  plaintiff was unaware of the legal theory supporting her claim;
3  rather, she must have been unaware of its factual basis.  Id.;
4  Carr v. Beverly Health Care & Rehab. Servs., Inc., Civ. No. 12-
5  2980 EMC, 2013 WL 5946364, at *5 (N.D. Cal. Nov. 5, 2013) ("Under
6  Ninth Circuit case law, what is crucial is whether the debtor-
7  plaintiff has knowledge of the underlying facts constituting the
8  wrongdoing, not whether the wrongdoing necessarily gives rise to
9  a legal cause of action." (citing Hamilton, 230 F.3d at 784)).
10         Here, plaintiff's allegations establish that she was
11 aware of defendant's breach on October 15, 2009, when defendant
12 refused to disburse insurance proceeds to her so that she could
13 obtain a new modular home after her home was destroyed by a fire.
14 (See Compl. ¶ 14.)  Even if plaintiff was unaware that this
15 conduct constituted a breach of contract or a breach of the
16 covenant of good faith and fair dealing, her awareness that
17 defendant had withheld the insurance proceeds renders the
18 discovery rule inapplicable.  See Norgart, 21 Cal. 4th at 397;
19 Carr, 2013 WL 5946364, at *5.
20         Nor is defendant barred from asserting estoppel because
21 it "took no steps at all to turn over to Plaintiff's trustee or
22 pay into the bankruptcy court" the proceeds it allegedly failed
23 to disburse.  (Pl.'s Opp'n at 12:7-8.)  In fact, plaintiff's
24 characterization of these proceeds as "[p]laintiff's money," (id.
25 at 12:8-9), militates in favor of estoppel: if this money did
26 belong to plaintiff -- or, more accurately, to the bankruptcy
27 estate, see 11 U.S.C. § 541 -- then it was an asset that
28 plaintiff had a duty to disclose.  See Rose v. Beverly Health and

5

Rehab. Servs., 356 B.R. 18, 26 (E.D. Cal. 2006) (Ishii, J.) (emphasizing that a plaintiff has a duty to disclose "all potential assets that could be marshaled to satisfy the bankruptcy estate's obligations", including "contingent and unliquidated claims").

      While plaintiff relies on 11 U.S.C. § 542 in support of the proposition that defendant had an "affirmative duty" to turn over these insurance proceeds to the trustee of the bankruptcy estate, (see Pl.'s Opp'n at 12:22), that statute explicitly provides that "an entity that has neither actual notice nor actual knowledge of the commencement of the case concerning the debtor" has no such duty.  11 U.S.C. § 542(c).  Plaintiff has not highlighted, and the court cannot identify, any evidence that defendant had such knowledge during the course of the bankruptcy proceedings or at any other point before plaintiff filed this lawsuit.

      Whether or not defendant suffered any damage as a result of this failure to disclose is immaterial because "the doctrine of judicial estoppel is concerned with the integrity of the courts, not the effect on parties." Ah Quin, 733 F.3d at 275 (emphasis in original).  A debtor who fails to disclose her claims, obtains a discharge of her debt, and then attempts to retain the proceeds of her debt not only threatens the interests of her creditors, but undermines "the integrity of the bankruptcy process" itself.  Hamilton, 270 F.3d at 785.  If plaintiff was in fact entitled to recover the insurance proceeds that defendant allegedly withheld, those proceeds presumably would have been applied to satisfy her debts, which exceeded her stated assets by

6

over $600,000.  (See RJN Ex. 7.)  Because those debts have since been discharged, plaintiff has received an "unfair advantage in bankruptcy court by failing to list the claim." Dzakula v. McHugh, --- F.3d ----, No. 11-16404, 2014 WL 128605, at *2 (9th Cir. 2014).

Finally, plaintiff asserts that her failure to disclose her claims was "inadvertent." (Pl.'s Opp'n at 14:12-13.)  The Ninth Circuit has recognized that when a plaintiff corrects her bankruptcy petition to disclose a claim after initially failing to do so, the court must inquire into whether that omission was "inadvertent or mistaken." Ah Quin, 733 F.3d at 276.  But if -- as is the case here -- a plaintiff has not subsequently disclosed her un-listed claims to the bankruptcy court, "a presumption of deliberate manipulation" applies and the plaintiff may not rely upon her purported inadvertence to escape estoppel.  Id. at 273.  Plaintiff concedes that she "fail[ed] to make such a disclosure," (Pl.'s Opp'n at 14:12-13), and she is therefore estopped from asserting her remaining claims even if her initial omission was inadvertent.[4]

Because plaintiff knew of the factual basis of her remaining claims, failed to disclose them, received a discharge on the basis of her representations to the bankruptcy court, and has made no attempt to correct that omission, she is estopped from asserting those claims now.  See Ah Quin, 733 F.3d at 271.

---

[4] The court likewise concludes that plaintiff's proposal to amend the complaint to allege that her failure to disclose these claims was inadvertent or mistaken would be futile, and therefore will not grant leave to amend.  See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

1  Accordingly, the court will grant defendant's motion for judgment
2  on the pleadings.
3           IT IS THEREFORE ORDERED that defendant's motion for
4  judgment on the pleadings be, and the same hereby is, GRANTED.
5           The Clerk of the Court is instructed to enter judgment
6  in accordance with this Order and close the file.
7  Dated:  February 24, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE