UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| TERRY L. HOPKINS, | CIV. NO. 2:13-444 WBS CKD |
| Plaintiff, | MEMORANDUM AND ORDER RE: MOTION TO AMEND OR ALTER JUDGMENT |
| v. | |
| WELLS FARGO BANK, N.A., and DOES 1-10, | |
| Defendant. | |

----oo0oo----

Plaintiff Terry L. Hopkins brought this action for breach of contract against defendant Wells Fargo Bank, N.A., but did not disclose that claim as an asset when she filed for bankruptcy. As a result, the court held that plaintiff was judicially estopped from asserting that claim, granted defendant's motion for judgment on the pleadings, and entered judgment in defendant's favor on February 25, 2014. (Docket No. 29.) Plaintiff now moves to amend or alter the judgment pursuant to Federal Rule of Civil Procedure 59(e).

1

1        Rule 59(e) empowers district courts to alter or amend a
2   judgment.  It provides an "extraordinary remedy" to be used
3   "sparingly in the interests of finality and the conservation of
4   judicial resources."  <u>Kona Enters., Inc. v. Estate of Bishop</u>, 229
5   F.3d 877, 890 (9th Cir. 2000).  In general, a district court
6   should deny a Rule 59(e) motion unless it "is presented with
7   newly discovered evidence, committed clear error, or if there is
8   an intervening change in the controlling law."  <u>389 Orange Street</u>
9   <u>Partners v. Arnold</u>, 179 F.3d 656, 665 (9th Cir. 1999).  "A Rule
10  59(e) motion may <u>not</u> be used to raise arguments or present
11  evidence for the first time when they could reasonably have been
12  raised earlier in the litigation."  <u>Kona</u>, 229 F.3d at 890.

13       Plaintiff's motion is predicated on bankruptcy court
14  filings that plaintiff characterizes as evidence that defendant
15  was aware of, and participated in, plaintiff's bankruptcy
16  proceedings.  (<u>See</u> Pl.'s Mot. Exs. A-C (Docket No. 31).)  These
17  filings were entered in 2009 and 2010, and plaintiff has not
18  explained why she did not, or could not, present them at an
19  earlier stage in the litigation.  The court will therefore not
20  consider this evidence for the first time on a Rule 59(e) motion.
21  <u>See</u> <u>Kona</u>, 229 F.3d at 890.

22       In any event, this evidence is immaterial.  Defendant
23  made clear at oral argument that it was aware that plaintiff had
24  declared bankruptcy because she had listed defendant as a
25  creditor.  (Oral Arg. Tr. at 6:9-10 (Docket No. 32).)  By
26  contrast, defendant represented that it was not aware of any
27  claims that plaintiff had against it because plaintiff had not
28  disclosed those claims to the bankruptcy court.  (<u>Id.</u> at 6:11-

17.)  And even if plaintiff were correct that defendant was aware that plaintiff had a potential claim against it, the court would reach the same result because the application of judicial estoppel turns on the debtor-plaintiff's awareness of a potential claim, not the defendant's.  See Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 784 (9th Cir. 2001) (holding that a plaintiff is "precluded from pursuing claims about which he had knowledge, but did not disclose, during his bankruptcy proceedings" and that "[j]udicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists").  Accordingly, the court must deny plaintiff's motion to amend or alter the judgment.[1]

IT IS THEREFORE ORDERED that plaintiff's motion to amend or alter the judgment be, and the same hereby is, DENIED.

Dated:  April 11, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

3