1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

                                ----oo0oo----

11

12    TERRY L. HOPKINS,                    CIV. NO. 2:13-444 WBS CKD

13                 Plaintiff,              MEMORANDUM AND ORDER RE: MOTION
                                           FOR ATTORNEY'S FEES
14         v.

15    WELLS FARGO BANK, N.A., and
      DOES 1-10,
16
                 Defendant.
17

18

                                ----oo0oo----
19

20         Plaintiff Terry L. Hopkins brought this action against

21    defendant Wells Fargo Bank arising out of defendant's foreclosure

22    of plaintiff's property and its allegedly improper failure to

23    disburse insurance proceeds to plaintiff.  On February 24, 2014,

24    the court granted defendant's motion for judgment on the

25    pleadings on the basis that plaintiff failed to disclose the

26    existence of her claims[1] against defendant in her bankruptcy

27    _____

         [1]    At the time the court granted judgment on the
28    pleadings, two claims remained at issue: a claim for breach of

                                      1

1    filings and was therefore estopped from asserting those claims.[2]

2    Defendant now moves to recover attorney's fees[3] pursuant to

3    California Civil Code section 1717.[4]

4    _____

5    contract and a claim for breach of the covenant of good faith and
     fair dealing.  The parties are familiar with the facts and
6    procedural history of the case, (see Docket Nos. 16, 29, 36), and
     the court will not repeat them here.

7
         [2]   Plaintiff timely appealed the court's Order granting
8    judgment on the pleadings, (Docket No. 37), and that appeal is
     currently pending before the Ninth Circuit.  Although the filing
9    of an appeal typically divests a district court of jurisdiction
     over the action while the appeal is pending, "the Ninth Circuit
10   has made it clear that district courts retain jurisdiction to
     decide issues regarding attorney's fees after an appeal is
11   taken."  United States v. Real Property Located at 475 Martin
     Lane, 727 F. Supp. 2d 876, 882 (C.D. Cal. 2010) (citing
12   Masalosalo ex rel. Masalosalo v. Stonewall Ins. Co., 718 F.2d
     955, 956-57 (9th Cir. 1983)).
13

14       [3]   Defendant has not submitted a Bill of Costs and
     expressly indicates that it does not seek to recover costs.
15   (McClendon Decl. ¶ 9 (Docket No. 41).)

16
         [4]   As a preliminary matter, defendant's motion for
17   attorney's fees is timely because defendant moved for fees
     twenty-eight days after the court denied plaintiff's motion for
18   alter or amend the judgment.  See E.D. Cal. L.R. 293(a).
     Although the court originally granted defendant's motion for
19   judgment on the pleadings on February 24, 2014, the time limit
     for filing attorney's fees is "tolled pending the outcome of . .
20   . motions under Rule 50 or Rule 59 . . . because those motions
     operate to suspend the finality of the district court's
21   judgment."  Bailey v. County of Riverside, 414 F.3d 1023, 1025
     (9th Cir. 2005).
22
         Plaintiff asserts that since "[s]tate procedures govern
23   the timing of [an] attorney's fees motion," defendant's motion is
     untimely because it was filed after the fifteen-day period
24   prescribed by California Rule of Court 3.1700(a).  (Pl.'s Opp'n
     1-3 (Docket No. 43).)  This argument relies on a fundamental
25   misunderstanding of the Erie doctrine, under which "federal
     courts sitting in diversity apply state substantive law and
26   federal procedural law."  Gasperini v. Ctr. for Humanities, Inc.,
     518 U.S. 415, 427 (1996).  The Ninth Circuit has specifically
27   applied the Erie doctrine to hold that in a diversity case, "the

28

                                    2

1  I.    Entitlement to Fees

2           "In a diversity case, the law of the state in which the

3  district court sits determines whether a party is entitled to

4  attorney fees."  Carnes, 488 F.3d at 1059 (citing Larry's

5  Apartment, 249 F.3d at 837-38).  Section 1717 of the California

6  Civil Code provides that, in "any action on a contract," the

7  prevailing party "shall be entitled to reasonable attorney's

8  fees" if the contract so provides.  Cal. Civ. Code. § 1717(a).

9  An attorney's fees provision "shall be construed as applying to

10  the entire contract," even if its language ostensibly permits

11  recovery of attorney's fees only under more limited

12  circumstances.  Id.; see Kangarlou v. Progressive Title Co., 128

13  Cal. App. 4th 1174, 1178 (2d Dist. 2005) (noting that under

14  section 1717(a), "parties may not limit recovery of attorney fees

15  to a particular type of claim").  The California Supreme Court

16  has emphasized that a trial court is "obligated to award attorney

17  fees[] whenever the statutory conditions have been satisfied."

18  Hsu v. Abbara, 9 Cal. 4th 863, 872 (1995).

19           "California courts liberally construe the term 'on a

20  contract' as used within section 1717.  As long as the action

21  'involve[s]' a contract it is 'on [the] contract' within the

22  meaning of [s]ection 1717."  Dell Merk, Inc. v. Franzia, 132 Cal.

23  App. 4th 443, 455 (3d Dist. 2005) (first two alterations in

24  original) (citations omitted).  The Ninth Circuit likewise

25

26  procedure for requesting an award of attorney fees," including
    relevant deadlines for filing a fees motion, "is governed by
27  federal law."  Carnes v. Zamani, 488 F.3d 1057, 1059 (9th Cir.
    2007) (citing In re Larry's Apartment, L.L.C., 249 F.3d 832, 837-
28  38 (9th Cir. 2001)).

1    emphasizes that this language "is interpreted liberally," and

2    that an action is "on a contract" whenever "the underlying

3    contract between the parties is not collateral to the proceedings

4    but plays an integral part in defining the rights of the

5    parties."  Barrientos v. 1801-1825 Morton LLC, 583 F.3d 1197,

6    1216 (9th Cir. 2009).

7         Here, plaintiff alleged that defendant breached its

8    obligations under the Note and Deed of Trust by failing to

9    disburse insurance proceeds and foreclosing on her property.

10   (See Compl. ¶¶ 1-19 (Docket No. 1-1).)  Because her claims

11   implicate the parties' covenants to one another under those loan

12   instruments, this action is "on a contract" under section 1717.

13   See Dell Merk, 132 Cal. App. 4th at 455; Barrientos, 583 F.3d at

14   1216.

15        Moreover, both loan instruments contain language that

16   entitles defendant to attorney's fees.  The Note states that

17   defendant "will have the right to be paid back by [plaintiff] for

18   all of its costs and expenses in enforcing this Note . . .

19   includ[ing], for example, reasonable attorneys' fees and court

20   costs."  (Dolan Decl. Ex. 6 at 4 (Docket No. 40-1).)  Likewise,

21   the Deed of Trust provides that defendant may do "whatever is

22   reasonable or appropriate to protect [its] rights in the Property

23   . . . includ[ing], without limitation, appearing in court [and]

24   paying reasonable attorney's fees," and that plaintiff is

25   obligated to repay "any amount which [defendant] advances under

26   this [section]."  (Dolan Decl. Ex. 7 at 7 (Docket No. 40-1).)

27        Even if this language seemingly entitles defendant only

28   to those fees it incurred while attempting to enforce its rights

4

1  in the underlying property--for instance, fees incurred in the

2  foreclosure proceedings themselves--section 1717(a) requires the

3  court to construe this language to provide for an award of fees

4  whenever a defendant is the prevailing party on an action

5  involving a contract.  See Cal. Civ. Code § 1717(a); Kangarlou,

6  128 Cal. App. 4th at 1178; see also Roy Allan Slurry Seal v.

7  Laborers Int'l Union, 241 F.3d 1142, 1145 n.3 (9th Cir. 2001)

8  (noting that section 1717 does not provide "an independent basis

9  for a fee award," but rather "operates by broadening already-

10  existing contractual fee-shifting provisions").

11        Several judges in this district have held that

12  identical language in a mortgage loan instrument entitled a

13  prevailing defendant in a foreclosure action to attorney's fees

14  under section 1717.  See, e.g., Coppes v. Wachovia Mortg. Corp.,

15  Civ. No. 2:10-1689 GEB DAD, 2011 WL 4852259, at *2 (E.D. Cal.

16  Oct. 12, 2011) (holding that defendant was entitled to fees under

17  section 1717 because its "defense of this case was undertaken 'to

18  protect [its] rights in the property'"); Smith v. World Sav. &

19  Loan Ass'n, Civ. No. 2:10-2855 JAM JFM, 2011 WL 1833088, at *1-2

20  (E.D. Cal. May 12, 2011).  And other district courts "have

21  routinely held that Section 1717 authorizes the recovery of

22  attorneys' fees where, as here, the plaintiff's claims directly

23  relate to a contracting party's attempts to enforce a contract."

24  Thomas v. Wells Fargo Bank, N.A., Civ. No. 13-2065 JSW, 2014 WL

25  1245034, at *5 (N.D. Cal. Mar. 25, 2014).

26        Finally, defendant is indisputably the prevailing

27  party.  When "the results of the litigation are mixed," the court

28  may decline to award fees to either party.  Hsu, 9 Cal. 4th at

1   876.  Here, however, defendant achieved a "simple, unqualified

2   win," id., rather than a mixed result: the court dismissed three

3   of plaintiff's claims with prejudice, granted judgment in

4   defendant's favor on the other two claims, and denied plaintiff's

5   motion to reconsider the court's Order granting judgment on the

6   pleadings.  (See Docket Nos. 16, 29, 36.)

7            While plaintiff cites section 1717(b) and several

8   decisions by California Courts of Appeal to support the

9   proposition that the court "has jurisdiction not to declare a

10  prevailing party," (Pl.'s Opp'n at 3), the California Supreme

11  Court has made clear that the court may do so only if the results

12  are mixed.  Hsu, 9 Cal. 4th at 876.  Here, because "the results

13  of the litigation on the contract claims are not mixed[,] . . .

14  [the] court has no discretion to deny attorney['s] fees."  Id. at

15  875-76.

16           In short, defendant is the prevailing party in an

17  action on a contract, and the contracts at issue in this case

18  contain provisions that permit defendant to recover attorney's

19  fees.  Accordingly, defendant has met the statutory criteria set

20  forth by section 1717(a), and it is thus entitled to attorney's

21  fees.  See Cal. Civ. Code § 1717(a); Hsu, 9 Cal. 4th at 872.

22  II.  Reasonable Attorney's Fee

23           Under section 1717(a), fees are "fixed by the court,"

24  Cal. Civ. Code § 1717(a), which "has broad authority to determine

25  the amount of a reasonable fee," PLCM Grp. v. Drexler, 22 Cal.

26  4th 1084, 1095 (2000).  The court ordinarily begins this process

27  by determining a "'lodestar,' i.e., the number of hours

28  reasonably expended multiplied by a reasonable hourly rate."  Id.

1   The court may then adjust that figure based on "a number of

2   factors, including the nature of the litigation, its difficulty,

3   the amount involved, the skill required in its handling, the

4   skill employed, the attention given, the success or failure, and

5   other circumstances in the case."  Id. at 1096 (citation and

6   internal quotation marks omitted).  While the court retains wide

7   discretion over the amount of a reasonable attorney's fee, the

8   California Supreme Court has emphasized that courts "may not

9   invoke equitable considerations unrelated to litigation success"

10  to determine the size of a fee award.  Hsu, 9 Cal. 4th at 877.

11                  A.   Hours Reasonably Expended

12          Under California law, a court determining the number of

13  hours reasonably expended on a case "must carefully review

14  attorney documentation of hours expended."  Ketchum v. Moses, 24

15  Cal. 4th 1122, 1132 (2001) (quoting Serrano v. Priest, 20 Cal. 3d

16  25, 48 (1977)).  In so doing, the court must exclude hours that

17  "were not reasonably expended in pursuit of successful claims,"

18  Harman v. City & County of San Francisco, 158 Cal. App. 4th 407,

19  417 (1st Dist. 2007), "[a]ttorney time spent on services which

20  produce no tangible benefit for the client," Meister v. Regents

21  of Univ. of Cal., 67 Cal. App. 4th 637, 652 (6th Dist. 1998), or

22  hours that were otherwise "duplicative or excessive," Graciano v.

23  Robinson Ford Sales, Inc., 144 Cal. App. 4th 140, 161 (4th Dist.

24  2006).

25          Defendant's counsel Regina McClendon has submitted a

26  declaration outlining the number of hours that defendant's law

27  firm, Locke Lord LLP, spent on this matter.  (Docket No. 41.)

28  Plaintiff has not objected to any of the time entries listed in

1 | this declaration as unreasonable.  The court has reviewed the

2 | declaration and does not find that any of the billing entries

3 | submitted by defendant's counsel are excessive.  In fact,

4 | defendant voluntarily declined to recover fees for over one

5 | hundred hours of time spent in discovery, preparation of a motion

6 | for summary judgment, and opposition to plaintiff's motion to

7 | amend or alter the judgment.  (See id. at ¶¶ 10-13.)  Defendant

8 | also declined to recover fees for nearly $3,000 in expenses it

9 | incurred during the litigation, (see id. at ¶ 9), and seeks only

10 | to recover those fees it incurred in its initial review of the

11 | case, preparation of its motion to dismiss, and preparation of

12 | its motion for judgment on the pleadings.

13 |         The court therefore determines that McClendon

14 | reasonably billed 27.8 hours, associate attorney Jonathan

15 | Lieberman reasonably billed 82.6 hours, and associate attorney

16 | Jonathan Collins reasonably billed 36.8 hours.  In addition, the

17 | court determines that paralegal Tiffany Till reasonably billed

18 | 2.2 hours and paralegal P.N. Richards reasonably billed 0.7

19 | hours.

20 |         B.   Reasonable Hourly Rate

21 |         The reasonable hourly rate is generally the "prevailing

22 | rate in the community for similar work."  Drexler, 22 Cal. 4th at

23 | 1095; accord Blum v. Stenson, 465 U.S. 886, 895 (1984)).  Here,

24 | defendant's counsel requests rates ranging from $180 to $496 per

25 | hour and represents that those rates are reasonable in light of

26 | the nature of the services rendered. (McClendon Decl. ¶ 7.)

27 | Plaintiff submitted no evidence to contest those rates.  To the

28 | contrary, plaintiff's counsel explicitly represented at oral

1   argument that he believed that the rates sought by defendant's

2   counsel were reasonable.  Because the attorneys for the parties

3   are in the best position to know what rates are reasonable under

4   the circumstances of this case, the court sees no need to second-

5   guess their assessment or to conduct independent research to

6   determine whether the proposed rates are consistent with those

7   customarily awarded in the Eastern District of California.

8          The court therefore determines that McClendon is

9   entitled to a reasonable hourly rate of $496 for work billed in

10  2014 and $480 for work billed before 2014.  In addition, the

11  court finds that Lieberman is entitled to an hourly rate of $300

12  for work billed through October 2014 and $240 for work billed

13  thereafter and that Collins is entitled to a reasonable hourly

14  rate of $297.  Finally, the court determines that defendant's

15  paralegals are entitled to a reasonable hourly rate of $180 per

16  hour.

17         In sum, the court finds that McClendon reasonably

18  billed 13.4 hours at a reasonable hourly rate of $480 and 14.4

19  hours at a reasonable hourly rate of $496, that Lieberman

20  reasonably billed 76 hours at a reasonable hourly rate of $300

21  and 6.6 hours at a reasonable hourly rate of $240, that Collins

22  reasonably billed 36.8 hours at a reasonable hourly rate of $297,

23  and that defendant's paralegals reasonably billed 2.9 hours at a

24  reasonable hourly rate of $180.

25         This results in a lodestar of $49,410.00, computed as

26  follows:

27     McClendon:        13.4      x    $480   =    $6432.00
                          14.4      x    $496   =    $7142.40
28

9

```
Lieberman:      76.0     x    $300   =    $22,800.00
                 6.6     x    $240   =     $1,584.00

Collins:        36.8     x    $297   =    $10,929.60

Paralegals:      2.9     x    $180   =       $522.00

                                          $49,410.00
```

### C.   Adjustments to the Lodestar

After calculating the lodestar, the court must "consider whether the total fee award so calculated under all of the circumstances is more than a reasonable amount"; if so, it must "reduce the . . . award so that it is a reasonable figure." Drexler, 22 Cal. 4th at 1095-96.  In making this determination, the court considers "a number of factors, including the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the success or failure, and other circumstances of the case."[5]  Id. at 1096

---

[5]   Likewise, the Ninth Circuit has held that courts awarding attorney's fees under section 1717 should consider several factors in determining whether to adjust the lodestar, including:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill necessary to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relations with the client, and (12) awards in similar cases.

Lafarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1341-42 (9th Cir. 1986) (citing Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975)).  The Ninth Circuit has made clear that courts need not explicitly address

1    (citation omitted).  While the court may rely on any of these

2    factors to increase or decrease the lodestar figure, there is a

3    "'strong presumption' that the lodestar is the reasonable fee."

4    Crawford v. Astrue, 586 F.3d 1142, 1149 (9th Cir. 2009) (quoting

5    City of Burlington v. Dague, 505 U.S. 557, 562 (1992)); accord

6    Harman v. City & County of San Francisco, 158 Cal. App. 4th 407,

7    416 (1st Dist. 2007).

8              Here, no adjustment to the lodestar is necessary.

9    Although mortgage foreclosure cases do not typically present

10   novel or complex questions of law, this case involved issues of

11   contract and bankruptcy law that were somewhat more complex than

12   the ordinary mortgage foreclosure case.  (See Docket Nos. 16,

13   29.)  Nor is there any evidence that defendant litigated this

14   case in an inefficient or artificially expensive manner.  Rather,

15   defendant's attorneys attempted to resolve this matter

16   efficiently by filing dispositive motions, and defendant seeks to

17   recover only those fees it incurred in filing those motions.

18   (See McClendon Decl. ¶¶ 10-15.)  In light of these factors and

19   the "strong presumption" that the lodestar is the reasonable fee,

20   see Crawford, 586 F.3d at 1149, the court need not adjust the

21   lodestar figure.  Accordingly, the court will award defendant

22   $49,410.00 in attorney's fees.

23             IT IS THEREFORE ORDERED that defendant's motion for

24   attorney's fees be, and the same hereby is, GRANTED in the amount

25   of $49,410.00.

26   _____

27   all twelve factors, id. at 1342, and the inquiry required under
     Lafarge is therefore materially identical to the inquiry required
     under Drexler.

28

1   Dated:   July 1, 2014

2

3                                        WILLIAM B. SHUBB
                                         UNITED STATES DISTRICT JUDGE
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28